```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

_____
                                   )
**ERNEST A. COST,**                )
                                   )
       **Plaintiff,**    )
                                   )
       v.                )    Civil Action No. 08-2226 (RWR)
                                   )
**SOCIAL SECURITY**                )
**ADMINISTRATION,**                )
                                   )
       **Defendant.**    )
_____)

## MEMORANDUM OPINION AND ORDER

    Pro se plaintiff Ernest Cost brings a claim against the Social Security Administration ("SSA") under the Social Security Act ("Act"), 42 U.S.C. §§ 301 et seq., seeking judicial review of the SSA's determination of his retirement insurance benefits on the ground that the SSA improperly applied the windfall elimination provision to reduce his benefits. SSA has filed a motion to dismiss, arguing that Cost has failed to exhaust his administrative remedies. Because SSA has not provided sufficient evidence that Cost did not request an administrative hearing, SSA's motion to dismiss, converted to one for summary judgment, will be denied. The parties will be ordered to show cause in writing why the case should not be remanded to the SSA so that the parties can avail themselves of the full administrative review process.

## BACKGROUND

In August 2005, Cost applied for Retirement Insurance Benefits under Title II of the Act. (Compl. ¶ 1; Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem."), Decl. of Howard Kelly ¶ 3(a).) SSA sent him an initial determination, stating that he would receive benefits of $335 per month. (Compl. ¶ 3, Ex. 3.) Cost sought reconsideration, asserting his entitlement to nearly double the determined monthly benefit. (Id. ¶¶ 3-4, Ex. 4.) On July 10, 2007, SSA issued a reconsideration determination, stating that the initial determination subjected Cost's benefits to the "windfall elimination provision," correctly reducing Cost's benefits. (Id. ¶ 5, Ex. 5.) Cost alleges that he mailed a request for a hearing application form to the SSA on August 22, 2007. (Id. ¶ 6, Ex. 6.) He further alleges that after SSA responded to his letter by faxing him the form, he mailed the completed form to the SSA on September 2, 2007 and has not since received a response. (Compl. ¶ 7; Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n"), Ex. at 5-7.[1]) SSA's computer records do not show that SSA received Cost's request for a hearing. (Def.'s Mem. at 4, Decl. of Howard Kelly ¶ 3(c) ("The computerized records of the Office of Disability Adjudication and Review do

---

[1] Cost's exhibit is not paginated. Pagination, therefore, has been supplied.

not show that a request for a hearing was filed or received[.]"), Ex. 3.)  After receiving no response from the SSA, Cost filed suit on December 24, 2008, alleging that the SSA erred by applying the windfall elimination provision.

## DISCUSSION

A plaintiff may seek judicial review in a district court of a final decision of the Commissioner of Social Security.  42 U.S.C. § 405(g).  The Social Security Act does not define the term "final decision," but it empowers the Commissioner of Social Security to set out the procedures for obtaining a final decision through regulations.  See 42 U.S.C. § 405(a); Weinberger v. Salfi, 422 U.S. 749, 766 (1975).  When a claimant applies for social security benefits, the Commissioner makes an initial determination as to the claimant's entitlement.  20 C.F.R. § 404.902.  If the claimant is dissatisfied with the initial determination, he may seek reconsideration by filing a written request within sixty days.  20 C.F.R. §§ 404.907, 404.909(a)(1).  The reconsideration determination is binding unless a claimant requests a hearing before an administrative law judge ("ALJ") within sixty days of receiving notice of the reconsideration determination.[2]  20 C.F.R. §§ 404.921(a), 404.933(b)(1).  If the

---

[2] A claimant may seek judicial review in a district court without completing the remainder of the administrative review process if he requests an expedited appeal and "the only factor preventing a favorable determination or decision is a provision in the law [the claimant] believe[s] is unconstitutional."  20

claimant is dissatisfied with the ALJ's hearing decision, he may request review by the SSA's Appeals Council within sixty days of receiving notice of the hearing decision.  20 C.F.R. §§ 404.967, 204.968(a)(1).  A claimant may seek an extension out of time of any of these deadlines by showing good cause in writing.  20 C.F.R. §§ 404.909(b), 404.933(c), 404.968(b).  The Appeals Council's decision is considered final, and a claimant may seek judicial review of that decision in district court.  20 C.F.R. § 404.981; Califano v. Sanders, 430 U.S. 99, 101-02 (1977).  SSA has filed a motion to dismiss for lack of subject-matter jurisdiction, arguing that Cost failed to exhaust his administrative remedies because he filed his complaint before receiving a hearing decision from an ALJ or review by the Appeals Council.  (Def.'s Mem. at 3.)

The phrase "exhaustion of remedies" refers to two distinct legal concepts.  Non-jurisdictional exhaustion "is a judicially created doctrine requiring parties who seek to challenge agency action to exhaust available administrative remedies before bringing their case to court."  Avocados Plus Inc. v. Veneman, 370 F.3d 1243, 1247 (D.C. Cir. 2004); see also Salfi, 422 U.S. at 765 (justifying non-jurisdictional exhaustion as preventing

---

C.F.R. §§ 404.923, 404.924(d).  Cost is challenging not the constitutionality of the windfall elimination provision but rather the provision's applicability to him.  (See Compl. ¶ 3.)  Thus, he was not entitled to expedited review.

"interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review"). Jurisdictional exhaustion, on the other hand, entails Congress predicating judicial review on a litigant's initial resort to the administrative process. Id.; cf. Arbaugh v. Y & H Corp., 546 U.S. 500, 516 (2006) ("[W]hen Congress does not rank a statutory limitation on [the statute's] coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."). A court may exercise its discretion to excuse compliance with a non-jurisdictional requirement, but not with a jurisdictional requirement. Triad at Jeffersonville I, LLC v. Leavitt, 563 F. Supp. 2d 1, 16 (D.D.C. 2008).

The Supreme Court has construed 42 U.S.C. § 405(g) as having jurisdictional and non-jurisdictional exhaustion components. The requirement that a plaintiff must first present his claim to the agency is jurisdictional and cannot be waived, while the requirement that the plaintiff must complete the agency review process is non-jurisdictional and may be waived. See Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 23 (2000) (noting that "individual hardship may be mitigated . . . through excusing a number of the steps in the agency process, though not

the step of presentment of the matter to the agency"); Bowen v. City of New York, 476 U.S. 467, 483 (1986) ("'The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary.'" (quoting Mathews v. Eldridge, 424 U.S. 319, 328 (1976))). A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction is inappropriate where a defendant claims that a plaintiff failed to comply with only the non-jurisdictional exhaustion requirement. See Hall v. Sebelius, 689 F. Supp. 2d 10, 22 (D.D.C. 2009) (noting that "dismissal under Rule 12(b)(1) for failure to exhaust is inappropriate . . . inasmuch as requirements for exhaustion as specified by the Social Security Act can be tolled or waived due to equitable considerations"). SSA argues that Cost did not exhaust the non-jurisdictional requirements that his claim be heard by an ALJ and that he receive a decision from the Appeals Council. (Def.'s Mem. at 3.) Therefore, its motion to dismiss will be construed as one under Rule 12(b)(6) for failure to state a claim.

When "matters outside the pleadings are presented to and not excluded by the court" on a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). A motion may be treated as one for summary

judgment even if the parties have not been provided with notice or an opportunity for discovery if they have had a reasonable opportunity to contest the matters outside the pleadings such that they are not taken by surprise.  See Highland Renovation Corp. v. Hanover Ins. Group, 620 F. Supp. 2d 79, 82 (D.D.C. 2009).  Because both parties have cited documents or provided evidence outside the pleadings with respect to the issue of exhaustion, the motion will be treated as one for summary judgment under Rule 56.  See Augustus v. Locke, 699 F. Supp. 2d 65, 69 n.3 (D.D.C. 2010) (converting motion to dismiss for failure to exhaust administrative remedies to a motion for summary judgment).

Summary judgment may be granted when the moving party demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  In considering a motion for summary judgment, a court is to draw all justifiable inferences from the evidence in favor of the nonmovant.  Cruz-Packer v. Dist. of Columbia, 539 F. Supp. 2d 181, 189 (D.D.C. 2008) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).  The relevant inquiry "is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may

reasonably be resolved in favor of either party." Liberty Lobby, 477 U.S. at 250. A genuine issue exists where the "evidence is such that a reasonable jury could return a verdict for the non-moving party[,]" as opposed to where the evidence is "so one-sided that one party must prevail as a matter of law." Id. at 248, 252.

SSA contends that it did not receive Cost's hearing request because he mailed it to the wrong address. (Def.'s Mem. at 4.) Cost addressed his August 22, 2007 letter asking for a form HA-501-U5 –– the form used to request a hearing from an ALJ –– to:

    CHIEF COMMISSIONER
    OFFICE OF INTL OPS
    4-C-11 4TH FLR OPS BLD
    6444401 SECYRITY BVLVD [sic]
    BALTIMORE, MD 21235

(Compl., Ex. 6.) Cost mistyped the building's proper street address of "6401," misspelled "Security," and used a non-standard abbreviation for boulevard. (Def.'s Mem. at 5.) SSA argues that the address Cost used in this letter "is, presumably, the same address that Plaintiff used when he allegedly returned the completed form HA-501-U5 on September 2, 2007[.]" (Id.) However, these errors appear to be typographical, and SSA provides no evidence that Cost made the same mistakes when he addressed his completed hearing request. In any event, Cost claims that his incorrectly addressed August 22 letter reached the SSA, which responded by faxing him the HA-501-U5 form that he

completed and attempted to return to SSA. (Pl.'s Opp'n at 2.) This argument is uncontested.[3] Cost has provided a track and confirm receipt, reflecting the delivery of a letter in Baltimore on September 12, 2007. (Pl.'s Opp'n, Ex. at 7.) SSA notes that the receipt is not evidence that the postal service delivered Cost's HA-501-U5 on September 12, but is evidence only that the postal service delivered some letter on that date. (Def.'s Mem. at 5.) While this receipt does not establish definitively that SSA received Cost's hearing request, neither does SSA's evidence establish definitively that Cost failed to request a hearing or mailed the request to the wrong address. This issue presents a genuine material factual dispute that a reasonable fact-finder could resolve in favor of either party.

Assuming that Cost mailed a request for a hearing before an ALJ, however, it is undisputed that he has not received that hearing, nor has he received a decision from the Appeals Council. Cost therefore has not pursued his claim at all requisite levels of the administrative process, and he has not satisfied the exhaustion requirement. See Hall, 689 F. Supp. 2d at 23 (finding that plaintiff who "sought an administrative hearing, but received no response from the SSA for approximately three years" had not exhausted his administrative remedies). Instead, Cost's opposition is more appropriately construed as arguing that the

---

[3] SSA did not file a reply.

exhaustion requirement should be excused for him on the ground that the SSA failed to schedule a hearing before an ALJ, demonstrating the futility of pursuing his case at the administrative level.

"[T]he exhaustion requirement may be waived only in the most exceptional circumstances." UDC Chairs Chapter, Am. Ass'n of Univ. Professors v. Bd. of Trs. of the Univ. of D.C., 56 F.3d 1469, 1475 (D.C. Cir. 1995) (internal quotation marks omitted). A court may waive the non-jurisdictional component of the exhaustion requirement in § 405(g) if exhaustion would be futile. See Triad at Jeffersonville, 563 F. Supp. 2d at 16. For exhaustion to be futile, there must be a "'certainty of an adverse decision' or indications that pursuit of administrative remedies would be 'clearly useless.'" UDC Chairs Chapter, 56 F.3d at 1475 (quoting Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 105 (D.C. Cir. 1986)). Requiring exhaustion is clearly useless when there is an undue delay in the administrative proceedings and the plaintiff would suffer prejudice from that delay when seeking subsequent court action. Mobile Exploration & Producing U.S., Inc. v. Babbitt, 913 F. Supp. 5, 14 (D.D.C. 1995). Courts in this district have excused the exhaustion requirement for delays in the administrative process of three or more years. See Hall, 689 F. Supp. 2d at 23 n.7 (recognizing that exhaustion requirement could be excused on

the basis of the SSA's nearly four-year delay in scheduling an administrative hearing); Angel v. Pan Am. World Airways, Inc., 519 F. Supp. 1173, 1177 (D.D.C. 1981) (excusing exhaustion requirement after three-year delay), overruled on other grounds by Paralyzed Veterans of Am., Inc. v. Civil Aeronautics Bd., 752 F.2d 694 (D.C. Cir. 1985).  However, in Mobile Exploration, 913 F. Supp. at 14, the court held that a contemplated six-year time frame for administrative proceedings would not constitute an undue delay in the absence of any evidence that the agency ultimately would be unwilling to consider the claim, since the plaintiff had not demonstrated that it would suffer prejudice from the delay.

Here, Cost has received half the benefits to which he believes he was entitled during the years since he claims that he requested an ALJ hearing.  Arguably, the failure to grant the hearing and the length of time over which the failure has stretched could be evidence that requiring exhaustion would be futile.  However, the lack of a hearing here does not stem from SSA's lack of diligence in complying with a hearing request it received.  For whatever reason, SSA here never got a hearing request, or so it claims.  Nothing in the record suggests that the SSA would be unwilling, after a remand, to consider Cost's claim at the ALJ and Appeals Council stages.  Because the facts here do not support the conclusion that requiring exhaustion

would be futile, the exhaustion requirement will not be excused. Indeed, a full and fair adjudication of Cost's claims would be best achieved by allowing the SSA an opportunity to correct any of its own errors, and compiling a record which is adequate for judicial review with the benefit of the SSA's experience and expertise. SSA's motion will be denied, but the parties will be ordered to show cause in writing why the case should not be remanded to the SSA for an ALJ hearing.

## CONCLUSION AND ORDER

SSA has not demonstrated that no reasonable jury could find that Cost attempted to exhaust his administrative remedies by submitting a request for a hearing before an ALJ. However, Cost has not shown that the subsequent interruption in his administrative proceeding warrants excusing the non-jurisdictional exhaustion requirement. Accordingly, it is hereby

ORDERED that the defendant's motion [10] to dismiss, converted to a motion for summary judgment, be, and hereby is, DENIED. It is further

ORDERED that the parties show cause in writing by April 14, 2011 why the case should not be remanded to the SSA for an ALJ hearing.

SIGNED this 15th day of March, 2011.

```
_____/s/_____
RICHARD W. ROBERTS
United States District Judge
```